UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MASHUD REZA,

                Plaintiff,

                                **MEMORANDUM & ORDER**
            v.                             09-CV-233 (MKB)

ASFIA KHATUN, MUHAMMAD MANNAN
and MANZURUL ISLAM,

                Defendants.
----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

      Plaintiff Mashud Reza brings the above-captioned action against Defendants Asfia Khatun, Muhammad Mannan and Manzurul Islam, alleging breach of contract and breach of fiduciary duty.[1] Defendants have now moved for partial summary judgment. The Court heard argument on December 19, 2012. For the following reasons, Defendants' motion for partial summary judgment is denied.

**I. Background**

      On December 6, 2003, Plaintiff and defendants Islam and Mannan entered into a partnership, Seond Inc. ("Seond"). (Deposition of Mashud Reza ("Reza Dep.") Def. Ex. B ("Partnership Agreement").) Between February of 2004 and March of 2005, Plaintiff paid $1,368,496 to Seond and defendant Mannan. (Reza Dep. Def. Ex. A.) The money was supposed to be used to purchase residential real estate for investment purposes. (Partnership Agreement

---

[1] The Amended Complaint does not specify the causes of action but seeks the following relief: (1) a resulting trust over certain properties; (2) an injunction preventing Defendants from transferring certain properties; and (3) appointment of a temporary receiver. (Am. Compl. ¶¶ 18–32.) Defendants construe the Amended Complaint as bringing a claim for breach of contract and breach of fiduciary duty. (Def. Mem. 5.) Plaintiff does not dispute that breach of contract and breach of fiduciary duty are the proper causes of action. (Pl. Opp'n 2–3.)

¶ 4.) After purchasing a property, defendant Mannan was responsible for managing the property and working with contractors so that the property could be resold at a profit. (Reza Dep. 20:16–21:12.) Plaintiff alleges that defendant Khatun, who is married to defendant Mannan, "went on a spending spree with the Plaintiff's money without the Plaintiff's consent or authority where she purchased no less than five (5) homes." (Am. Compl. ¶ 12.) Plaintiff testified at his deposition that, in March of 2005, Plaintiff reached the conclusion that defendants Mannan and Islam had both breached the partnership agreement. (Reza Dep. 31:7–23.) Plaintiff realized that the investment "was a big collusion . . . between [Mannan] and Mr. Islam" and that Plaintiff was "being taken for a ride." (Reza Dep. 25:24–26:4.) Plaintiff did not make any payments to the partnership after March of 2005. (Reza Dep. Def. Ex. A.) In the latter part of 2005, Plaintiff met with defendants Mannan and Islam at the funeral of Mannan's son. (Reza Dep. 46:6–22, 47:20–24.) Plaintiff told defendants Mannan and Islam that he would not invest any more money in Seond, until they invested an equal sum. (Reza Dep. 46:25–47:11.) Plaintiff referred defendants Mannan and Islam to the provision of the partnership agreement, which provides that, if there is any dispute, the partners "would liquidate all the assets as is and rearrange the partnership and restart." (Reza Dep. 47:4–11.) Plaintiff "requested that all the properties be liquidated immediately." (Reza Dep. 47:10–11, 48:24–49:2.)

Plaintiff filed the Complaint in this action on January 1, 2009, naming only Khatun as a defendant. On March 24, 2011, Plaintiff submitted a letter to United States District Judge Joseph F. Bianco, requesting leave to amend the Complaint to add defendants Mannan and Islam.[2] (Docket No. 41, Mar. 24, 2011 Letter to Judge Bianco.) Plaintiff stated in his letter that defendant Khatun did not object to the filing of an amended complaint but requested five days to

---

[2] This action was reassigned to the undersigned on March 29, 2012.

review the proposed amended complaint before filing. *Id.* Judge Bianco ordered Plaintiff to file a proposed amended complaint by April 18, 2011 and defense counsel to inform the Court, in writing, of any objections to the proposed amended complaint by April 25, 2011. (Apr. 11, 2011 Order.) Plaintiff then filed a motion to amend the Complaint, as well as the proposed amended complaint. (Docket Nos. 42–44.) Defendant Khatun opposed Plaintiff's motion to amend, arguing that Plaintiff's claims against defendants Mannan and Islam are barred by the statute of limitations. (Docket No. 45, Def. Opp'n Mot. Amend.) On November 7, 2011, Judge Bianco granted the motion to amend the complaint on the record. (Docket No. 62, Nov. 7, 2011 Tr. 2:14–15.) Judge Bianco found that Defendants' statute of limitations argument relied on evidence outside the pleadings and, therefore, was not a proper basis for finding the amendment futile. (Docket No. 62, Nov. 7, 2011 Tr. 3:13–19.) Plaintiff filed the Amended Complaint on November 10, 2011, adding Mannan and Islam as defendants. Counsel for defendant Khatun, Steven Zalewski, then entered a notice of appearance on behalf of all defendants. (Docket No. 49, Notice of Appearance.)

## II. Discussion

### a. Standard of Review

Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 173 (2d Cir. 2012). The role of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 162 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A genuine issue of fact exists when

there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. The "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* The court's function is to decide "whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000).

### b. Local Civil Rule 56.1

At the outset, the Court notes that Defendants have failed to comply with the requirements of Local Civil Rule 56.1, which states that:

> Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of that motion.

Local Civil Rule 56.1(a); *see also Mays v. Lane*, No. 10 Civ. 4810, 2012 WL 2395155, at *2 (E.D.N.Y. June 25, 2012) ("Local Rule 56.1 requires that a party moving for summary judgment submit a list of the material facts as to which there is no genuine issue to be tried, along with citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)." (citation and internal quotation marks omitted)). This requirement is "strict" and "failure to submit a Rule 56.1 statement with a motion for summary judgment may result in the motion's denial." *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009). However, the court "has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001).

Defendants failed to submit a 56.1 statement to the Court and, instead, simply attached various documents to their motion. However, the material facts at issue in the instant motion are

clear, and, therefore, the Court will overlook Defendants' failure to file a 56.1 statement. *Mays*, 2012 WL 2395155, at *2; *see also Bd. of Trustees of Local 50 Pension Fund v. Zucker & Co.*, No. 11 Civ. 1785, 2012 WL 2325351, at *1 n.1 (E.D.N.Y. June 19, 2012) ("Here, the evidentiary basis for the plaintiff's motion is straightforward and clear, rendering the need for a Rule 56.1 statement unnecessary for defendant to respond to the motion, or for the Court to consider the motion. Accordingly, in the exercise of its broad discretion, the Court will overlook this defect and will deem admitted only those facts that are supported by admissible evidence and not controverted by other admissible evidence in the record.").

### c. Statute of Limitations

Defendants argue that Plaintiff's claims against defendants Mannan and Islam are barred by the statute of limitations. In New York, the statute of limitations for breach of contract is six years. N.Y. C.P.L.R. § 213(2). For breach of fiduciary duty, "New York law does not provide a single statute of limitations." *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 139 (2009). "Where the remedy sought is purely monetary in nature, courts construe the suit as alleging 'injury to property' within the meaning of CPLR 214(4), which has a three-year limitations period." *Id.* (citation omitted). However, if the relief sought is equitable, a six-year limitations period applies. *Id.*; *see also Cooper v. Parsky*, 140 F.3d 433, 440–41 (2d Cir. 1998) ("Ordinarily, under New York law, a claim for breach of fiduciary duty would be governed by a three-year limitations period if the action sought monetary relief but by a six-year period if the action sought equitable relief.").

In addition, "where an allegation of fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute of limitations under CPLR 213(8)." *IDT Corp.*, 12 N.Y.3d at 139; *see also Structural Maint. & Contracting Co. v. Jayce Enterprises, Inc.*, No. 09 Civ.

5

8187, 2010 WL 4159517, at *7 (S.D.N.Y. Oct. 12, 2010) ("Where fraud is essential to a breach of fiduciary duty claim, . . . courts have applied a six-year statute of limitations." (citation and internal quotation marks omitted)). Defendants do not dispute that here, where Plaintiff's claim for breach of fiduciary duty is based on allegations of fraud and seeks equitable relief, the six-year statute of limitations applies. (Def. Reply 1); *see Schandler v. N.Y. Life Ins. Co.*, No. 09 Civ. 10463, 2011 WL 1642574, at *10 (S.D.N.Y. Apr. 26, 2011) ("The six-year limitation period applies here because Schandler seeks equitable relief and her breach of fiduciary duty claim is based on allegations of actual fraud."); *Kaufman v. Cohen*, 760 N.Y.S.2d 157, 165–66 (2003) (applying six-year limitations period where the breach of fiduciary duty was premised on allegations of actual fraud).

Plaintiff testified that he realized in March of 2005 that defendants Mannan and Islam had breached the partnership agreement and were colluding against him. (Reza Dep. 25:24–26:4, 31:7–23.) Plaintiff did not make any additional payments to the partnership after that time and a few months later Plaintiff requested that the partnership liquidate its properties. (Reza Dep. 47:8–11, 48:24–49:2; Reza Dep. Def. Ex. A.) Plaintiff submitted an affidavit in response to Defendants' summary judgment motion, in which he claims that, "[a]lthough I testified in my deposition of February 15, 2011 that Mr. Mannan and Mr. Islam 'breached' the contract in March 0f [sic] 2005, I did not really believe they breached the contract until I received the April 12, 2008 accounting." (Affidavit of Mashud Reza ("Reza Aff.") ¶ 2.) Plaintiff cannot submit a self-serving affidavit contradicting his own sworn testimony in order to avoid summary judgment.[3] *See Tang v. Jinro Am., Inc.*, No. 03 Civ. 6477, 2005 WL 2548267, at *4 (E.D.N.Y.

---

[3] Plaintiff argues that, if he had he realized that the breach had occurred in 2005, he would have brought the lawsuit earlier, instead of bringing it in January of 2009. (Pl. Opp'n 2–3; Reza Aff. ¶ 3.) This argument fails to acknowledge that Plaintiff did not file an action against

Oct. 11, 2005) ("It is well-settled that Plaintiff may not, in order to defeat a summary judgment motion, create a material issue of fact by submitting an affidavit disputing his own prior sworn testimony that he did not sign the agreement." (collecting cases)). Plaintiff testified that he realized the agreement had been breached in March of 2005 and, as a result, took steps to liquidate the properties. Accordingly, the statute of limitations period on Plaintiff's breach of contract and breach of fiduciary duty claims ran no later than March 31, 2011.[4]

Defendants argue that Plaintiff's claims against defendants Mannan and Islam are time barred because the Amended Complaint was not filed until November 10, 2011. However, "[w]hen a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes." *Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir. 2000) (citation omitted); *see also Lekic v. 222 E. 8th St. LLC*, No. 11 Civ. 1242, 2012 WL 4447625, at *4 (E.D.N.Y. Sept. 25, 2012)

---

defendants Mannan and Islam until 2011, three years after he allegedly learned of the breach. The timing of the lawsuit does not corroborate Plaintiff's claim that he did not discover the breach until April 12, 2008.

[4] Defendants also argue that the actual breach occurred well before March of 2005. (Def. Reply 3–4.) "In New York, a breach of contract cause of action accrues at the time of the breach," not at the time the breach is discovered. *Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402 (1993). Defendants contend that "[t]he alleged breach occurred when the defendant purchased a home to use as a residence, which occurred well over six years ago." (Def. Reply 3–4.) Defendants do not provide any citation to support this claim, nor do they even specify the home that they are referring to or the date of purchase. Presumably, Defendants are referring to the property at 85-36 165th Street Queens, New York. (Reza Dep. Def. Ex. D.) The deed, which was an exhibit at Plaintiff's deposition and is attached to Defendants' summary judgment motion, indicates that the purchase date was July 14, 2004. *Id.* Defendants have not offered any explanation or marshaled any facts in support of their claim that the purchase of this home should be deemed the moment of breach. Moreover, Defendants failed to provide the Court with a Rule 56.1 statement of undisputed facts, which would allow the Court to determine whether the moment of breach can be determined on summary judgment. The Court finds based on the minimal record before it that, although defendants Mannan and Islam breached the partnership agreement no later than March of 2005, disputed issues of fact exist regarding when the breach actually occurred.

("The date of the filing of the motion to amend is the date the action was commenced for statute of limitations purposes since the defendant is on notice of the new claims as of the filing of the motion."); *Boda v. Phelan*, No. 11 Civ. 28, 2012 WL 3241213, at *5 (E.D.N.Y. Aug. 6, 2012) (same); *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, No. 00 MDL 1898, 2007 WL 2979642, at *4 (S.D.N.Y. Oct. 10, 2007) ("The Second Circuit has endorsed the rule that '[w]hen a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes.'" (alteration in original) (quoting *Rothman*, 220 F.3d at 96)).

On March 24, 2011, Plaintiff filed a letter requesting leave to amend the Complaint to add defendants Mannan and Islam.[5] (Docket No. 41, Mar. 24, 2011 Letter from Plaintiff.) Although Plaintiff's March 24, 2011 letter did not attach the proposed amended complaint, the letter indicated that the complaint would be amended to add Mannan and Islam as defendants, thereby putting defendants Mannan and Islam on notice. *See MTBE Products Liab. Litig.*, 2007 WL 2979642, at *4 (noting that a newly-named defendant is on notice when the plaintiff files a motion to amend, attaching the proposed amended complaint). Nor can defendants Mannan and Islam claim that they lacked notice: defendant Mannan is the husband of defendant Khatun, who was a named defendant in the Complaint; the Complaint specifically mentions defendant Mannan and Seond, (Compl. ¶ 8); and defendant Khatun's Answer repeatedly references defendants Mannan and Islam and asserts, as an affirmative defense, that Plaintiff is barred from

---

[5] The Court notes that Plaintiff's March 24 letter states that defendant Khatun did not object to the amendment but requested "five days notice [sic] to comment on the proposed changes." (Docket No. 41, Mar. 24, 2011 Letter from Plaintiff.) Defendant Khatun, therefore, represented that the proposed amendment would be unopposed, while effectively ensuring that the Amended Complaint would be filed outside the statute of limitations period. Not surprisingly, after the proposed Amended Complaint was filed in accordance with Judge Bianco's order, Defendants objected to the amendment on statute of limitations grounds.

maintaining the action because he failed to join the necessary parties, "defendant's husband (Muhammad A. Mannan) and one Manzurul Islam," (Answer). Moreover, defendants Mannan and Islam are represented by the same counsel as defendant Khatun and, as made clear by the Answer, defense counsel knew that defendants Mannan and Islam were proper parties in this action. Accordingly, the statute of limitations period stopped running on March 24, 2011, and the claims against defendants Mannan and Islam are not time barred. *See United States v. Forbes*, 740 F. Supp. 2d 334, 337 (D. Conn. 2010) ("Plaintiffs moved to amend their complaint to add Ms. Freimour as a defendant on December 1, 2008, and therefore the United States commenced its action against Ms. Freimour, and the statutory period stopped running, on that date." (citation omitted)).

**III.   Conclusion**

For the foregoing reasons, Defendants' motion for partial summary judgment is denied. The parties are directed to file an amended joint pre-trial order within fourteen (14) days of this Order.

SO ORDERED.

       s/MKB
MARGO K. BRODIE
United States District Judge

Dated: February 15, 2013
      Brooklyn, New York