UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

MASHUD REZA,

        Plaintiff,

       v.

ASFIA KHATUN, MUHAMMAD MANNAN
and MANZURUL ISLAM,

        Defendants.

-----------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
09-CV-0233 (MKB)

MARGO K. BRODIE, United States District Judge:

  Plaintiff Mashud Reza brings the above-captioned action against Defendants Asfia Khatun, Muhammad A. Mannan and Manzurul Islam, alleging breach of contract and breach of fiduciary duty. Currently before the Court is Plaintiff's motion to amend the Complaint a second time. For the reasons set forth below, Plaintiff's motion is granted.

**I. Background**

  Plaintiff commenced this action on January 21, 2009, by filing a Complaint against Asfia Khatun alleging, among other things, that Defendant used Plaintiff's money to unlawfully purchase real estate properties for her own benefit instead of purchasing properties for investment purposes as she was required to do. (Docket Entry No. 1.) On November 10, 2011, Plaintiff filed an Amended Complaint, adding Defendants Muhammad A. Mannan and Manzurul Islam, asserting the same claims. (Docket Entry No. 48.) In the Amended Complaint, as in the initial Complaint, Plaintiff sought "a Purchase-money resulting trust," a "restraining and enjoining" order preventing Defendants from selling the properties, the appointment of a

"[t]emporary [r]eceiver," as well as "reasonable attorneys' fees." (Compl. at 9; Am. Compl. at 7.)

On September 13, 2012, Defendants Mannan and Islam moved for partial summary judgment to dismiss the claims as to them. (Docket Entry No 59.) Defendants' summary judgment motion was denied on February 15, 2013. (Docket Entry No. 63.) Jury selection and trial is scheduled to begin on August 12, 2013. (April 24, 2013 Order.) Plaintiff seeks to amend the Complaint a second time in order to allege a claim for damages. At the April 24, 2013 conference, the Court deemed Plaintiff to have moved to amend the Amended Complaint. (*See* April 24, 2013 Minute Entry.) On May 3, 2013, Plaintiff submitted a proposed Second Amended Complaint specifying Plaintiff's damage claim and the amount of damages sought. (Docket Entry No. 65.) Defendants oppose Plaintiff's motion to further amend the Amended Complaint on the basis of "undue delay and prejudice and bad faith." (Def. Opp'n ¶ 17.)

## II. Discussion

### a. Standard of Review

The Federal Rules of Civil Procedure provide that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has stated that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (citation omitted). Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000); *see also Couloute v. Ryncarz*, No. 11 Civ. 5986, 2012 WL 541089, at *3 (S.D.N.Y. Feb. 17, 2012) (quoting *Monahan*, 214 F.3d at 283). However, motions to amend "should generally be denied in

instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). "Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for [a] district court to deny the right to amend." *Azkour v. Haouzi*, No. 11 Civ. 5780, 2012 WL 3667439, at *2 (S.D.N.Y. Aug. 27, 2012) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (citation and internal quotation marks omitted)). "Bad faith exists when a party attempts to amend its pleading for an improper purpose." *Id.* (citing *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir.1998) (affirming the district court's denial of leave to amend a complaint where the plaintiff sought to "erase . . . admissions [made] in [the previous] complaint") (abrogated on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992 (2002))).

In evaluating prejudice, courts "generally consider whether the assertion of the new claim or defense would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Monahan*, 214 F.3d at 284 (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). Courts should be "hesitant to allow amendment where doing so unfairly surprises the non-movant and impedes the fair prosecution of the claim." *Id.* The Second Circuit has identified prejudice to the opposing party resulting from a proposed amendment as among the "most important" reasons to deny leave to amend. *AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 725 (2d Cir. 2010). It is "within the sound discretion of the district court to grant or deny leave to amend." *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) (quoting *McCarthy v. Dun*

*& Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *MHANY Mgmt. Inc. v. County of Nassau*, 843 F. Supp. 2d 287, 340 (E.D.N.Y. 2012).

### b. Plaintiff's Motion to Amend

Defendants oppose Plaintiff's motion to amend "on the grounds of undue delay and prejudice and bad faith." (Def. Opp'n ¶ 17.) Defendants argue that Plaintiff unduly delayed filing a Second Amended Complaint because on "July 23, 2012, a pre-motion conference was held at which the Court explicitly advised Plaintiff to amend [his] complaint to include a cause of action for money damages." (*Id.* ¶ 10.) While it is true that by the time Plaintiff did seek to file a Second Amended Complaint at the April 24, 2013 pre-trial conference nine months had passed since the July 23, 2012 conference, Defendants were clearly on notice since the July 23, 2012 conference that Plaintiff, in effect, was asserting a breach of contract claim and that Plaintiff intended to bring a claim for money damages. As such, Defendants cannot claim that they were unfairly surprised by Plaintiff's belated filing.

Defendants also argue that although they deposed Plaintiff for an hour and twenty minutes on February 15, 2011, they will be prejudiced if Plaintiff is allowed to add a claim for damages because discovery has closed and discovery was not conducted on the damage claim. (Def. Opp'n ¶¶ 5, 31.) Defendants contend that they will be prejudiced because they focused their discovery on "issues of timing" rather than breach of contract because they were preparing for a statute of limitations defense. (*Id.*) They did not question Plaintiff about the transfer, source or expected investment of Plaintiff's money, (*id.* ¶ 6), nor did they request documents regarding money damages or records supporting Plaintiff's claims regarding payments of funds (*id.* ¶ 33).

Plaintiff argues persuasively that there is no prejudice to Defendants. Plaintiff asserts that he already testified at his deposition that he has no knowledge of what happened to the money he invested with Defendants, apart from Defendants' own accounting. (Pl. Reply ¶ 10 (citing Def. Opp'n Ex. C at 53–54).) With regard to Plaintiff's $1,368,496 in payments to Second Enterprises LLC and Defendant Mannan, the supporting bank statements and wire transfer statements were annexed to the original Complaint, and have been incorporated into each successive version of the Complaint. (*Id.* ¶ 11.) Therefore, Defendants are in possession of all the information regarding where Plaintiff's money was deposited and what happened to the money. (*Id.* ¶ 12.) Plaintiff argues that under these circumstances, Defendants cannot claim prejudice. (*Id.* ¶ 14.) Defendants have not responded to Plaintiff's assertions of lack of prejudice.

The Court agrees with Plaintiff that the vast majority of the factual allegations underlying Plaintiff's damages claim were known to Defendants at the time of Plaintiff's deposition. Defendants argue in their papers in opposition to the motion to amend the Amended Complaint that the Amended Complaint is "identical in every way" to the original Complaint, (Def. Opp'n ¶ 8), and the proposed Second Amended Complaint adds limited additional factual allegations. (*Compare* Am. Compl. *with* Second Am. Compl.) Thus, Defendants cannot now claim that they are prejudiced by the "identical" Complaint with limited additional factual allegations. Nor have Defendants shown that Plaintiff exhibited bad faith. There is nothing in the record that indicates bad faith on the part of Plaintiff in making the motion to amend the Amended Complaint.

The Court finds that although Plaintiff delayed unjustifiably in seeking leave to further amend the Amended Complaint, any prejudice to Defendants will be remedied by the opportunity to further depose Plaintiff on the issue of damages. To avoid delay, Plaintiff must

5

make himself available for a deposition in the next two weeks.  In advance of his deposition, Plaintiff must provide to Defendants any additional documents Plaintiff intends to rely upon at trial that have not previously been produced.  Based on the record before the Court, it does not appear that Defendants will be required to expend significant additional resources to conduct the limited discovery and prepare for trial, nor will the trial scheduled for August 12, 2013, be delayed by the foregoing.  The Court finds that permitting Plaintiff to amend the Amended Complaint is therefore reasonable and appropriate.

**III.  Conclusion**

For the foregoing reasons, Plaintiff's motion to amend the Amended Complaint is granted.  Plaintiff is directed to make himself available for a deposition on or before July 5, 2013 and to provide Defendants with any additional documents not previously produced that Plaintiff intends to rely upon at trial in advance of his deposition.

SO ORDERED:

 S/ MKB
MARGO K. BRODIE
United States District Judge

Dated: June 21, 2013
　　　　Brooklyn, New York