UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
MASHUD REZA,

                      Plaintiff,

              v.

ASFIA KHATUN, MUHAMMAD MANNAN and
MANZURUL ISLAM,

                      Defendants.
---------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
09-CV-233 (MKB)

MARGO K. BRODIE, United States District Judge:

        Plaintiff Mashud Reza brings the above-captioned action against Defendants Asfia Khatun, Muhammad Mannan and Manzurul Islam, alleging breach of contract and breach of fiduciary duty in connection with real estate investments. (Second Am. Compl. ("SAC") ¶ 9, Docket Entry No. 65.) On February 6, 2017, Defendants Khatun and Mannan moved for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. (Defs. Mot. for Summ. J. ("Defs. Mot."), Docket Entry No. 123; Decl. of Rosemarie Barnett in Supp. of Defs. Mot. ("Barnett Decl."), Docket Entry No. 123-1; Defs. Statement of Undisputed Facts Pursuant to Local R. 56.1 ("Defs. 56.1"), Docket Entry No. 123-2; Defs. Mem. in Supp. of Defs. Mot. ("Defs. Mem."), Docket Entry No. 123-3.) For the reasons set forth below, the Court denies Defendants' motion for summary judgment.

### I. Background

        The following facts are undisputed except as noted. The Court assumes the parties' familiarity with the facts and procedural posture as discussed in its prior two decisions in the case. *See Reza v. Khatun*, No. 09-CV-233, 2013 WL 596600, at *1 (E.D.N.Y. Feb. 13, 2013);

*Reza v. Khatun*, No. 09-CV-233, 2013 WL 3190335, at *1 (E.D.N.Y. June 21, 2013). In brief, the dispute arises from Plaintiff's partnership agreement with Defendants Islam and Mannan in December of 2003 to invest in residential real estate under the partnership name "Seond." (Defs. 56.1 ¶¶ 2–4.) Under the terms of the Seond partnership agreement, all three partners were obligated to fund the partnership equally, as needed, and to share equally in its profits and losses. (*Id.* ¶¶ 13–16.) Between February of 2004 and March of 2005, Plaintiff paid $1,368,496 to Seond to fund the partnership's real estate investments. (Pl. Statement of Undisputed Facts Pursuant to Local R. 56.1 ("Pl. 56.1") ¶ 83, Docket Entry No. 152-2.) Plaintiff alleges that Mannan and his wife, Khatun, who was not a Seond partner, purchased a number of homes together in Khatun's name with Plaintiff's money and subsequently lost the investment. (SAC ¶¶ 10–12.) The parties agree that the investments have since been liquidated, but they dispute: (1) whether each property net a profit or a loss for Defendants, (2) in what amount, and (3) what, if anything, is owed to each partner as a result of the failed investments. (*See, e.g.*, Defs. 56.1 ¶¶ 22–23, 83–84, 134–35; Pl. 56.1 ¶¶ 115–16, 134–35.)

## II. Discussion

### a. Standard of review

Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Davis v. Shah*, 821 F.3d 231, 243 (2d Cir. 2016); *see also Cortes v. MTA NYC Transit*, 802 F.3d 226, 230 (2d Cir. 2015). The role of the court "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Rogoz v. City of Hartford*, 796 F.3d 236,

245 (2d Cir. 2015) (first quoting *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010); and then citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)).

### b. The parties dispute issues of material fact

Defendants argue that no genuine issue of material fact remains for trial because they have produced an unsworn expert report, annexed to their papers and dated March 29, 2016, which states that Defendants suffered a greater loss than Plaintiff did and, therefore, under the terms of the Seond partnership agreement, owe Plaintiff nothing. (*See* Def. Expert Report at 1–2, annexed to Barnett Decl. as Ex. M.) Plaintiff has not produced an expert report, but relies on an accounting analysis that all three Seond partners approved in 2008, and on which Defendants' expert report is allegedly based. (Defs. 56.1 ¶¶ 29–31; Defs. Mem. 5; *see* E-mail from Pl. Counsel dated Feb. 2, 2016, annexed to Barnett Decl. as Ex. K.) Plaintiff argues that Defendants' report is untrustworthy and erroneous in multiple significant respects. (Pl. Mem. in Opp'n to Def. Mot. ("Pl. Mem.") 8–10, Docket Entry No. 152-1.)

At summary judgment, "a district [c]ourt properly considers only evidence that would be admissible at trial," as required by Rule 56. *See Nora Beverages v. Perrier Grp. of Am.*, 164 F.3d 736, 746 (2d Cir. 1998); *see also Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) ("[O]nly admissible evidence need be considered by the trial court in ruling a motion for summary judgment."). Applying this rule, "[c]ourts in this Circuit have uniformly held that unsworn expert reports do not satisfy the admissibility requirements of Fed. R. Civ. P. 56(e), and cannot be used [on] a motion for summary judgment without additional affidavit support." *Glowczenski v. Taser Int'l, Inc.*, No. 04-CV-4052, 2010 WL 1957289, at *2 (E.D.N.Y. May 13, 2010) (collecting cases); *Gotlin v. Lederman*, 616 F. Supp. 2d 376, 389 (E.D.N.Y. 2009); *Berk v. St. Vincent's Hosp. & Med. Ctr.*, 380 F. Supp. 2d 334, 352 (S.D.N.Y. 2005); *see also*

*Capobianco v. City of New York*, 422 F.3d 47, 55 (2d Cir. 2005) (acknowledging that unsworn expert statements are inadmissible hearsay on a motion for summary judgment); *Cornell Research Found., Inc. v. Hewlett–Packard Co.*, No. 5:01-CV-1974, 2007 WL 4349135, at *19 (N.D.N.Y. Jan. 31, 2007) (finding that the great weight of authority supports the position that unsworn expert reports "constitute inadmissible hearsay and thus are not worthy of consideration on a motion for summary judgment"); *cf. New Old Music Grp., Inc. v. Gottwald*, 122 F. Supp. 3d 78, 86 n.5 (S.D.N.Y. 2015) (considering expert reports on a summary judgment motion because the defendants "have since filed declarations from their experts verifying their reports under penalty of perjury").

Here, the Court declines to consider Defendants' unsworn expert report on summary judgment, particularly where Plaintiff clearly takes issue with numerous portions of the report. The exclusion of Defendants' expert report commands the Court to deny Defendants' motion for summary judgment, as the parties dispute, among other factual issues, who invested more in the partnership's real estate holdings, whether the real estate investments were profitable, and if so, to whose benefit. (*See, e.g.*, Defs. 56.1 ¶¶ 22–23 (asserting that Mannan expended $1.8 million of his own funds on partnership expenses), 83–85 (explaining that Khatun had no managerial or operational role in the partnership), 111 (detailing the $3.25 in cash disbursements expended on the premature sales of properties between 2003 and 2011), 112 ("[L]ess than half of these cash disbursements were covered by contributions from other partners."); Aff. of Gerald M. Hertz in Opp'n to Defs. Mot. ("Hertz Aff.") ¶¶ 20 (disputing that Mannan invested any cash in the partnership), 21–30 (disputing calculations and assumptions of Defendants' expert report), Pl. 56.1 ¶¶ 134–35 (asserting that the partnership obtained net revenues from the sale of properties).)

4

### III. Conclusion

For the foregoing reasons, the Court denies Defendants' motion for summary judgment.

                                        SO ORDERED:

                                        _____s/ MKB_____
                                        MARGO K. BRODIE
                                        United States District Judge

Dated: July 25, 2017
       Brooklyn, New York